IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAULETTE FASICK                        :
                                       :
    v.                                 :  Civil Action No. DKC 13-2127
                                       :
REGENCY CENTERS CORPORATION            :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Paulette Fasick commenced this action on June 5, 2013, by filing a complaint in the Circuit Court for Prince George's County, Maryland, alleging negligence against Defendant Regency Centers Corporation. The complaint asserts that, "on or about June 17, 2010, at approximately 3:00 p.m., Plaintiff . . . was lawfully on the premises owned and/or maintained by Defendant, as an invitee at the subject property" – *i.e.*, Bowie Plaza Shopping Center, in Bowie, Maryland – when she "fell down a stairway that was in a hazardous condition and sustained serious injuries." (ECF No. 2 ¶¶ 3, 4).

Defendant timely removed to this court, citing diversity of citizenship as the jurisdictional basis. On July 31, 2013, Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that it "did not own or operate Bowie Plaza Shopping Center" and, therefore, "owed no duty to [Plaintiff]

and has no liability for her injuries." (ECF No. 8 ¶ 6).[1] Plaintiff opposed Defendant's motion, arguing that multiple Regency entities shared a common address and resident agent, that these were "separate corporate entities in name only[,] and that this misnomer, if it be a misnomer at all, should be allowed to be corrected via amendment if necessary." (ECF No. 11 ¶ 11). On August 20, Plaintiff filed a motion for leave to amend the complaint, seeking to substitute "Regency Centers, L.P." as the defendant. (ECF No. 13 ¶ 2).

Pursuant to Fed.R.Civ.P. 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]" Plaintiff's motion for leave to amend, which attached a proposed amended complaint (ECF No. 13-3), was filed twenty-one days after Defendant filed its motion to dismiss. Therefore, Plaintiff was entitled to file an amended complaint without seeking leave and

---

[1] Although this motion is labeled as a motion to dismiss and expressly seeks dismissal of the complaint, it addresses the standard for summary judgment and attaches a number of exhibits, including the declaration of John Zuk, a property manager for Regency Centers, L.P., attesting that Regency Centers Corporation is not the owner or manager of the property (ECF No. 8-2 ¶¶ 4, 5), and a "Property Management and Leasing Agreement," suggesting that Regency Realty Group, Inc., a Florida corporation, is the property manager and leasing agent. (ECF No. 8-3, at 1, A-1). The court may not consider outside evidence in connection with a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See Kress v. Food Employers Labor Relations Ass'n*, 217 F.Supp.2d 682, 684 (D.Md. 2002).

Defendant's motion to dismiss the original complaint is rendered moot.

Accordingly, it is this 21st day of November, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for leave to amend the complaint (ECF No. 13) BE, and the same hereby IS, DENIED AS MOOT;

2. The clerk is directed to detach ECF No. 13-3 from the motion for leave to amend and file it separately as the first amended complaint;

3. Plaintiff is directed promptly to submit a summons to the clerk naming Regency Centers, L.P., as the defendant;

4. Defendant's motion to dismiss (ECF No. 8) BE, and the same hereby IS, DENIED AS MOOT;

5. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge